TRUSTEES OF SAINTS PETER & PAUL'S CHURCH, Respondent, v.
CHARLES W. ELLIOTT, Appellant.

Third Department, January 14, 1927.

**Trespass — action to restrain — defendant was formerly employed as sexton in plaintiff's cemetery and occupied house belonging to plaintiff — after his discharge final order in summary proceedings was granted but warrant was not executed since defendant's wife was too ill to be moved — defendant has done some work for lot owners since discharge — dispute as to interment deeds and manner in which defendant has done work — such matters cannot be determined on affidavits — rights of lot owners should not be prejudiced in meantime — injunction pendente lite denied — election of remedy at law bar to relief in equity.**

In an action to restrain the defendant from trespassing upon the property of the plaintiff and requiring him to remove from a certain dwelling house, it appears that the defendant was formerly sexton in plaintiff's cemetery and resided in a dwelling house belonging to the plaintiff and that after his discharge a final order in summary proceedings was granted but the warrant was not executed, since it appears that the defendant's wife was too ill to be moved. In this action it appears that the defendant since his discharge has done some work for lot owners in setting monuments and otherwise; that there is a dispute as to the terms of the interment deeds or burial permits and as to the manner in which the defendant has done his work in plaintiff's cemetery. These questions cannot be determined on affidavits and since the rights of the lot owners must not be prejudiced, an injunction *pendente lite* should not have been granted, but the questions in issue should have been left for trial.

The plaintiff having elected to pursue a remedy at law and having pursued it to final order and warrant, a court of equity should not interfere.

APPEAL by the defendant, Charles W. Elliott, from an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Chemung on the 23d day of November, 1926, restraining the defendant *pendente lite* from trespassing upon certain property and requiring him to remove from a certain dwelling house.

*H. D. Wilcox*, for the appellant.

*William Flannery*, for the respondent.

WHITMYER, J. Prior to and until September 1, 1925, defendant was employed as sexton in plaintiff's cemetery in Elmira, N. Y., and occupied premises belonging to plaintiff and known as the sexton's residence, at No. 623 Franklin street, in said city. He was discharged on that day, but did not surrender the premises so occupied and is still occupying the same, without plaintiff's consent and against its opposition. On September 10, 1926, plaintiff instituted summary proceedings against him in the City

Court of Elmira and obtained a final order and warrant of removal, but the warrant has not been executed by the constable in whose hands it was placed. The excuse has been and is that defendant's wife cannot be safely removed without harm, because of her physical condition. The occupancy of the house is probably the key to the solution, but plaintiff elected to pursue a remedy at law and has pursued it to final order and warrant, so that a court of equity should not interfere. Since his discharge, defendant has solicited contracts for the sale and erection of monuments for a monument dealer and has done some work in setting them for persons claiming to be lot owners and in doing other work for them on their said lots. The terms of the interment deeds or burial permits are disputed and there is a dispute, also, about the manner in which defendant has done the work, whether in an orderly or in a wanton and malicious manner. These questions should not be determined on affidavits, but should be left for trial, if that becomes necessary. In the meantime, the rights of lot owners, with whom contracts for work may have been made, should not be prejudiced.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

VAN KIRK, Acting P. J., HINMAN and DAVIS, JJ., concur; McCANN, J., not sitting.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.